**FILED**

**May 26, 2016**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:11 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| Ezell Wright, | ) | |
| Employee, | ) | Docket No. 2015-08-0488 |
| | ) | |
| v. | ) | State File No. 83760-2014 |
| | ) | |
| Labor Ready, | ) | Judge Jim Umsted |
| Employer, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| New Hampshire Insurance Co., | ) | |
| Insurer. | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This case came before the undersigned Workers' Compensation Judge on May 18, 2016, upon the Request for Expedited Hearing filed by the employee, Ezell Wright, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether the employer, Labor Ready Mid-Atlantic, Inc., must provide medical and temporary disability benefits for the Employee's, Mr. Wright's, alleged work-related back injury. For the reasons set forth below, the Court finds Mr. Wright is entitled to continued medical treatment for his back as well as temporary disability benefits from October 22, 2014, to September 21, 2015.[1]

### History of Claim

Mr. Wright is a fifty-four-year-old resident of Shelby County, Tennessee. He worked for Labor Ready as a temporary employee. On October 22, 2014, he claimed he injured his back at work while moving a copier. He immediately reported his injury to his supervisor, Michael Cox, who sent him for authorized treatment at Concentra Medical

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

Centers on the date of his injury.

Mr. Wright's medical provider at Concentra diagnosed him with a lumbar strain and treated him conservatively with physical therapy and medication. The provider also took Mr. Wright off work until October 27, 2014, and ordered a period of modified duty beginning on October 27, 2014. On November 12, 2014, Mr. Wright's medical provider ordered an MRI. Three weeks later, the provider referred Mr. Wright to an orthopedic specialist.

Thereafter, Labor Ready stopped authorizing Mr. Wright's medical treatment, and he sought medical care on his own at Regional One Medical Center and Methodist Hospital. Based on his evaluations at these facilities, Mr. Wright received referrals to an orthopedic spine specialist and a neurosurgeon. He remained on light-duty restrictions while treating with these providers.

Labor Ready ultimately agreed to send Mr. Wright for authorized care with Dr. Fereidoon Parsioon at Phoenix Neurosurgery. Mr. Wright presented to Dr. Parsioon on September 21, 2015. Dr. Parsioon diagnosed Mr. Wright with back pain without radiculopathy due to myofascial pain and ordered physical therapy. He also released Mr. Wright to full-duty work and instructed him to return to the clinic after completing his therapy.

Labor Ready failed to authorize the therapy ordered by Dr. Parsioon, and Mr. Wright filed a Petition for Benefit Determination and a Request for Expedited Hearing. At the Expedited Hearing, Mr. Wright testified Labor Ready finally approved the physical therapy recommended by Dr. Parsioon last month but had not authorized a return visit to Dr. Parsioon per his September 21, 2015 office note. Moreover, he testified he never received temporary disability benefits while his medical providers had him off work or on restricted duty. Mr. Wright calculated his compensation rate as $271.55, based on a daily rate of pay, without considering days not worked. He asked for ongoing temporary disability benefits beginning October 22, 2014, until Dr. Parsioon placed him at maximum medical improvement or released him to full-duty work. He stated he never received a letter from Labor Ready offering him a light-duty position within his restrictions. According to Mr. Wright, he asked Mr. Cox for light-duty work while he was undergoing physical therapy early in his treatment, but Mr. Cox rejected his request. He also indicated he contacted Mr. Cox after Dr. Parsioon released him to full duty. However, Mr. Cox never called him back with a job assignment.

Labor Ready did not call any witnesses at the hearing or provide any affidavits. It did, however, stipulate Mr. Wright provided adequate notice of his injury, and for purposes of the Expedited Hearing, it stipulated Mr. Wright's back injury was a compensable work-related injury. Labor Ready calculated Mr. Wright's compensation

2

rate as $223.72 and argued that no doctor placed Mr. Wright under restrictions after Dr. Parsioon released him to full duty on September 21, 2015.

## Findings of Fact and Conclusions of Law

### *General Legal Principles*

At an Expedited Hearing, Mr. Wright need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

### *Medical Benefits*

For purposes of this hearing, the parties stipulated Mr. Wright sustained a compensable work-related back injury on October 22, 2014, and he provided adequate notice of his injury to Labor Ready. On October 22, 2014, Mr. Wright began authorized treatment at Concentra. Treatment included physical therapy and medication. Eventually, Labor Ready approved a referral to a neurosurgeon, Dr. Parsioon, who the parties agree is now the authorized treating physician. Dr. Parsioon treated Mr. Wright on September 21, 2015, and noted,

> [s]ince his physical therapy was done in the beginning of his treatment and was only done for a short period of time, I am going to request physical therapy for three weeks at three times a week. I will see him back after this is complete and at that time I will make him [at] MMI and release him from my care. He can work without restrictions.

Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." After a delay in approving the physical therapy ordered by Dr. Parsioon, Labor Ready authorized the therapy at Concentra. On April 22, 2016, Concentra reported Mr. Wright completed all nine of the physical therapy visits ordered. Mr. Wright now requests approval to return to Dr. Parsioon as he ordered on the September 21, 2015 visit.

3

The Court finds Mr. Wright is entitled to reasonably necessary medical treatment as recommended by his authorized treating physician, and as required by Tennessee Code Annotated section 50-6-204 (2015). Therefore, the Court finds Labor Ready shall authorize Mr. Wright's return visit to Dr. Parsioon for such treatment made reasonably necessary by the work accident.

*Entitlement to Temporary Disability Benefits*

An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Temporary disability benefits are terminated either by the ability to return to work or attainment of maximum recovery. *Id.* According to Concentra's records, Mr. Wright was taken completely off work from October 22, 2014, to October 27, 2014. Thereafter, Concentra imposed significant restrictions on Mr. Wright's work activities. These medical restrictions continued until September 21, 2015, when Dr. Parsioon reported Mr. Wright could return to work without restrictions. Mr. Wright testified he wanted to return to work and went to Labor Ready on multiple occasions while treating at Concentra and prior to seeing Dr. Parsioon. However, no work was provided. He also testified he asked Labor Ready to put him back to work after he saw Dr. Parsioon on September 21, 2015. Again, no work was provided.

Labor Ready, through its attorney, submitted a document purportedly mailed to Mr. Wright offering light-duty work. Mr. Wright testified he never received the document. Mr. Wright appeared nervous during his testimony, but the Court finds his testimony honest, reliable, and credible. Labor Ready presented no testimony, live or by affidavit, supporting its contention it mailed the document to Mr. Wright or that it offered light-duty work to Mr. Wright. The Court determines Mr. Wright was unable to work full duty and could obtain no light-duty work due to his injury during the period from October 22, 2014, to September 21, 2015. Mr. Wright's request for temporary disability benefits after September 21, 2015, is without merit.

*Amount of Temporary Disability Benefits*

Pursuant to Tennessee Code Annotated section 50-6-207(1)(A) (2015), "[for injuries] producing temporary total disability, [an injured employee is entitled to] sixty-six and two-thirds percent (66 2/3%) of the average weekly wages" during the period of disability. Also, according to Tennessee Code Annotated section 50-6-207(2)(B) (2015), "[i]n all cases of temporary partial disability . . . the compensation shall be sixty-six and two-thirds percent (66 2/3%) of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition." The Court determines Mr. Wright is entitled to temporary

disability benefits from October 22, 2014, until September 21, 2015, when Dr. Parsioon deemed him able to work without restrictions. This is equivalent to forty-seven weeks and five days. Mr. Wright received no earnings during that period of time, and accordingly, is entitled to sixty-six and two-thirds percent of his average weekly wage for this period.

Mr. Wright's average weekly wage (AWW) and weekly compensation rate (CR) must be calculated. A Form C-41 Wage Statement shows Mr. Wright worked and earned $8,725.06 during the fifty-two-week period preceding his injury. However, he only worked periodically during that period, missing twenty-six weeks totally and working some weeks partially. A typed note on the form indicates Labor Ready is "a temporary day-labor employer that requires its workers to sign up each day to be considered for available job assignments. Breaks in active employment are due to the worker's decision to not make themselves [sic] available for work." Neither party submitted evidence explaining the breaks in employment shown on the Form C-41. Mr. Wright contended his CR should be $271.55 (equivalent to an AWW of $407.32). Labor Ready contended the CR should be $223.72 (equivalent to an AWW of $355.58). Mr. Wright's calculation was based on a daily rate of pay ($80.79) to calculate a weekly rate. Labor Ready's calculation excludes all weeks where no work was performed and includes weeks where there was partial work. Based on the evidence submitted, the Court finds Labor Ready's method of calculation leads to a result that is fair to both parties. Therefore, the Court finds Mr. Wright's AWW is $355.58 and his weekly CR is $223.72. Because Mr. Wright had no earnings during the period of disability, temporary total disability benefits and temporary partial disability benefits are equivalent.

Based on the above calculations, Mr. Wright is entitled to a combination of temporary total disability benefits and temporary partial disability benefits of $223.72 per week for a period of forty-seven weeks and five days. This totals $10,674.64.

*Attorney's Fee*

During the Expedited Hearing, Mr. Wright's attorney advised the Court he was requesting a reasonable attorney's fee from any award to his client. Pursuant to Tennessee Code Annotated section 50-6-226(a)(1) (2015), an attorney's fee shall be deemed reasonable if it does not exceed twenty percent of the award to the injured worker. Further, the Court finds a fee of twenty percent of the temporary disability award is reasonable. Accordingly, Mr. Wright's attorney is awarded an attorney's fee of twenty percent of $10,674.64, or $2,134.93, to be paid from Mr. Wright's award.

**IT IS, THEREFORE, ORDERED** as follows:

1. Labor Ready or its workers' compensation carrier shall provide Mr. Wright reasonably necessary medical treatment as recommended by his

authorized treating physician, Dr. Parsioon, and as required by Tennessee Code Annotated section 50-6-204 (2015). This includes a return visit to Dr. Parsioon for examination and, if necessary, treatment.

2. Labor Ready or its workers' compensation carrier shall provide Mr. Wright past temporary disability benefits from October 22, 2014, to September 21, 2015, (forty-seven weeks and five days) in the weekly amount of $223.72, which shall be paid in a lump sum of $10,674.64.

3. Mr. Wright's attorney is awarded an attorney's fee of twenty percent of $10,674.64, or $2,134.93, to be paid from Mr. Wright's award.

4. This matter is set for a Status Hearing on June 27, 2016, at 9:15 a.m. Central time.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED this the 26th day of May, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without**

**your further participation.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within

7

five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Mr. Wright's Affidavit;
2. Form C-41 Wage Statement;
3. Light Duty Job Offer;
4. MRI report of November 25, 2014;
5. Phoenix Neurosurgery office note of September 21, 2015;
6. Concentra Functional Status Report, dated April 22, 2016;
7. Concentra Physician Work Activity Stats Report, dated October 22, 2014;
8. Concentra office note of October 27, 2014;
9. Concentra office note of November 3, 2014;
10. Concentra office note of November 12, 2014;
11. Concentra office note of December 3, 2014;
12. Concentra Physician Work Activity Stats Report, dated December 3, 2014;
13. Page 2 of the MRI report of November 25, 2014;
14. Regional One Health medical records, dated July 23, 2015;
15. Regional One Health record, dated July 28, 2015 (p.14);
16. Regional One Health record, dated July 28, 2015 (p. 9);
17. Methodist Hospital medical records of July 21, 2015;
18. Page 3 of Phoenix Neurosurgery office note of September 21, 2015; and
19. Concentra physical therapy note, dated November 13, 2014.

Technical record:
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Mr. Wright's Supplemental Information Related to Request for Expedited Hearing;
5. Labor Ready's position statement;
6. Mr. Wright's position statement;
7. Mr. Wright's Brief Regarding his Weekly Compensation Rate; and
8. Labor Ready's Brief Regarding Employee's Weekly Compensation Rate.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 26th day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Skip Carnell, Employee's Attorney | | | X | injury@memphislaw.com |
| Ryan Sarr, Employer's Attorney | | | X | rsarr@morganakins.com |

Penny Shrum, Clerk
Tennessee Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov